

# The Attorney General of Texas

November 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reagan V. Brown
Commissioner
Texas Department of Agriculture
P. O. Box 12847
Austin, Texas 78711

Opinion No. H-1263

Re: Whether the Agricultural Protective Act, prior to the 1977 amendment, applied to vegetables which were not listed in the Act.

Dear Commissioner Brown:

You ask whether it was the intent of the legislature to exclude from section 1(b) of the Agricultural Protective Act, V.T.C.S. article 1287-3, certain agricultural commodities. You also ask if the Texas Department of Agriculture can consider an action of license revocation against a commissioned merchant when the complaint is based on a transaction involving nonlisted vegetables. We note initially that the transaction giving rise to your question occurred prior to the amendment of the statute and thus our response is limited to the statute as it existed prior to the 1977 amendments. All references are to the pre-1977 form of the statute.

Section 1(b) of this Act read as follows:

> 'Vegetables' shall include agricultural commodities and mean any and all of the following enumerated commodities: asparagus, beans (string, wax or green), beets (bunched or topped), broccoli (Italian sprouting), cabbage (for sauerkraut), cantaloupes, carrots (bunched or clipped), cauliflower, celery (rough), corn (green), cucumbers (slicing), dewberries and blackberries, eggplant, endive, or escarole or chicory, garlic, kale, lettuce, melons (honey ball and honey dew), mustard greens, okra, onions, parsley, peaches, pears, peas (fresh), peppers (sweet), potatoes, potatoes (sweet), radishes, romaine, shallots, spinach, strawberries, tomatoes (fresh), turnips (bunched or topped), or rutabagas, turnip greens and watermelons.

Since it is generally the case that the legislative intention of a statute is primarily found in the language of that statute, "[w]hen the Legislature gives

a specific meaning to a word or term, that definition controls." Childers v. State, 202 S.W.2d 930, 931 (Tex. Crim. App. 1947).

The power to revoke licenses extends only to violations of the Act. Since the Act was structured to apply only to vegetables falling within the section l(b) definition, it is our view that a license may not be cancelled for a transaction involving nonlisted items since such a transaction would not constitute a violation of the Act.

## SUMMARY

The Agricultural Protective Act prior to the 1977 amendments did not apply to vegetables not listed in the Act. The Department of Agriculture does not have authority to consider license revocation actions against commissioned merchants when the complaint is based on nonlisted vegetables.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn